IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-231-FL

| | | |
|---|---|---|
| CELESTE G. BROUGHTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| W. SIDNEY ALDRIDGE, JR.; JOHN N. MCCLAIN, JR.; and JUDGE ROBERT B. RADER, JR., | ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motion for a temporary restraining order and preliminary injunction (DE # 2) seeking to enjoin enforcement of an order entered in state court on September 18, 2009, in which order plaintiff was sanctioned for violation of Rule 11 of the North Carolina Rules of Civil Procedure, and to enjoin the state court from holding a criminal contempt appeal hearing currently scheduled for June 14, 2010. For the reasons set forth below, the plaintiff's motion is DENIED.

Rule 65 of the Federal Rules of Civil Procedure, which allows a court to enter preliminary injunctive relief prior to adjudication on the merits of the action, provides that:

> [t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b)(1).

A temporary restraining order, particularly one granted without notice to the defendant, is an "emergency procedure and is appropriate only when the applicant is in need of immediate relief." 11A Charles Wright, Arthur Miller & Mary Kane, Federal Practice and Procedure § 2951 (2d ed.); see also Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). "*Ex parte* temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers, 415 U.S. 423, 439 (1974) (internal citations omitted).

Plaintiff's complaint alleges that defendants violated her constitutional rights by colluding with one another in seeking and entering the order finding her in violation of Rule 11 as well as the subsequent orders sanctioning her for continuing to proceed in that action without a lawyer, which she could not afford. Plaintiff asserts that enforcement of the allegedly unconstitutional Rule 11 orders must be enjoined in order to preserve estate assets in the underlying state case. Moreover, she argues that the appeal of the finding of criminal contempt against her, pursuant to which she may be subject to imprisonment, must also be enjoined.

Plaintiff's request to enjoin pending state court proceedings appears to run afoul of 28 U.S.C. § 2283, which provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." Plaintiff has not alerted the court

2

to any statute that would permit or require an injunction of the state court proceedings here, nor does it appear that a temporary restraining order is necessary to aid this court's jurisdiction or protect or effectuate its judgment. Moreover, the court concludes that plaintiff has not shown that the harm alleged is sufficiently immediate or irreparable so as to warrant the extraordinary remedy of an *ex parte* temporary restraining order, nor has she certified the efforts, if any, which have been made to give notice to defendants and the reasons supporting any claim that notice should not be required. Accordingly, plaintiff's motion is DENIED.

SO ORDERED, this the 8th day of June, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge