IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-231-FL

| | |
|---|---|
| CELESTE G. BROUGHTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>W. SIDNEY ALDRIDGE, JR.; JOHN N. )<br>MCCLAIN, JR.; and JUDGE ROBERT B. )<br>RADER, JR., )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on plaintiff's second motion for a temporary restraining order (DE # 8), plaintiff's motion to supplement her complaint (DE # 10), plaintiff's motion for ruling (DE # 12), defendants' motions to dismiss plaintiff's original complaint (DE ## 19, 23, 27), and defendant Rader's motion to stay (DE # 32). These motions have been briefed and the issues raised therein are ripe for disposition.

## STATEMENT OF THE CASE

Plaintiff filed her *pro se* complaint under 42 U.S.C. § 1983 on June 7, 2010, alleging that defendants Aldridge, McClain, and Rader violated a number of her constitutional rights. She also requested a temporary restraining order against defendants at that time. On June 9, 2010, the court denied plaintiff's motion for a temporary restraining order, which sought to enjoin the enforcement of certain state court orders and proceedings. The court found that plaintiff had failed to show immediate and irreparable harm or a likelihood of success on the merits.

On June 11, 2010, plaintiff moved a second time for a temporary restraining order, asserting that her § 1983 action falls within an expressly authorized exception to the Anti-Injunction Act and further arguing that she had made the requisite showing of harm and likelihood of success on the merits. Plaintiff contemporaneously filed a motion to supplement her verified complaint to insert language detailing the court's disposition of her first motion for a temporary restraining order. On June 25, 2010, plaintiff moved the court for a ruling on her second motion for a temporary restraining order.

On June 30, 2010, defendant Aldridge moved to dismiss the complaint or, in the alternative, for a more definite statement under Rules 12(b)(6) and 12(e). On July 1, 2010, defendant McClain also moved to dismiss pursuant to Rule 12(b)(6). On July 6, 2010, defendant Rader moved to dismiss pursuant to Rules 12(b)(1), (2), (5), and (6). On July 16, 2010, following entry of the court's initial order regarding planning and scheduling, defendant Rader moved to stay initial discovery proceedings under Rules 16 and 26 pending resolution of the motions to dismiss.

Plaintiff filed an amended complaint on July 21, 2010. On July 23, 2010, plaintiff responded to the motion to stay and the motions to dismiss, stating that her amended complaint mooted the original motions to dismiss and relieved her of the requirement to respond in opposition. Plaintiff, however, agreed that a stay of proceedings under Rules 16 and 26 was appropriate pending resolution of anticipated renewed motions to dismiss.

## DISCUSSION

A.  Second Motion for a Temporary Restraining Order

The court denied plaintiff's first motion for a temporary restraining order on June 9, 2010, noting that the same was likely barred by the Anti-Injunction Act, 28 U.S.C. § 2283, and also finding

2

no showing of immediate and irreparable harm and likelihood of success on the merits. Moreover, the court noted that plaintiff had failed to certify any efforts taken to give notice to defendants and the reasons supporting any claim that notice should not be required.

Plaintiff now asserts that her action brought pursuant to 42 U.S.C. § 1983 falls within an expressly authorized exception to the Anti-Injunction Act. While plaintiff is correct that the court is not "without power in this § 1983 action to enjoin a proceeding in a state court under any circumstance whatsoever" because of the Anti-Injunction Act, the court is nevertheless reminded that "the principles of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding." Mitchum v. Foster, 407 U.S. 225, 242-43 (1972); cf. Younger v. Harris, 401 U.S. 37, 44 (1971). Plaintiff's motion does not raise the type of extraordinary circumstances that the court would require before enjoining state court proceedings.

But the court need not dwell on the principles behind the Anti-Injunction Act. First, much of the relief sought by plaintiff is now mooted. For example, she requests that the court enjoin a state-court criminal contempt appeal hearing set for June 14, 2010, which the court is no longer able to do as that date has passed. Second, even as to those aspects of the motion that are not moot, including plaintiff's request that the court broadly enjoin "all orders entered in [plaintiff's] state court cases since [September 18, 2009]," the motion must be denied because plaintiff has not shown likelihood of success on the merits, immediate and irreparable harm, that the balance of the equities tips in her favor, and that the injunction would be in the public interest. See Winter v. Natural Res. Def. Council, 555 U.S. ___, 129 S. Ct. 365, 374 (2008); see also MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 339 (4th Cir. 2001) ("[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited

3

circumstances."). Accordingly, plaintiff's renewed motion for a temporary restraining order (DE # 8) is DENIED. Plaintiff's companion motion for ruling a ruling on her motion for a temporary restraining order (DE # 12) is DENIED AS MOOT.

B.   Remaining Motions

Plaintiff has an absolute right to amend her complaint once before any responsive pleading has been filed. Fed. R. Civ. P. 15(a)(1); Galustian v. Peter, 591 F.3d 724, 730 (4th Cir. 2010). However, a second or subsequent amendment requires leave of the court, which shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff here submitted a motion to supplement her complaint on June 11, 2010. This in effect proposes an amendment to her complaint. Plaintiff later submitted an amended complaint on July 21, 2010. Because plaintiff did not seek the court's leave to file the amended complaint, the court assumes that plaintiff's amended complaint implicitly requests that the motion to supplement be withdrawn. Accordingly, the motion to supplement (DE # 10) is DENIED AS MOOT. Plaintiff's amended complaint at docket entry 35 may stand.[1]

Because defendants' motions to dismiss are directed at plaintiff's original complaint, which she has since amended, these motions (DE ## 19, 23, 27) are DENIED AS MOOT. To the extent defendants Aldridge and McClain wish also to move to dismiss the amended complaint, they are directed to do so within twenty-one (21) days from date of entry of this order.[2] Moreover, where the parties, including plaintiff, reasonably anticipate that such motions will be filed and that discovery

---

[1] Among other things, the amended complaint adds as defendants Wells Fargo & Company and Wells Fargo Advisors, LLC. It also adds additional claims for relief against the originally-named defendants, including claims for monetary damages and a request that the court disbar defendants Aldridge and McClain and remove defendant Rader from his position as a state-court judge.

[2] Defendant Rader has already filed a motion to dismiss the amended complaint. Following service on defendants Wells Fargo & Company and Wells Fargo Advisors, LLC, these defendants are of course allowed the full time allotted to them under the Federal Rules to file an answer or a motion under Rule 12.

4

proceedings under Rule 16 and 26 should be stayed pending resolution of the motions, defendant Rader's motion for a stay (DE # 32) is GRANTED. The parties are relieved of their discovery obligations at this time under the Federal Rules, Local Rules, and the court's initial scheduling order at docket entry 31.

## CONCLUSION

For the foregoing reasons, plaintiff's second motion for a temporary restraining order (DE # 8) is DENIED and her motion for a ruling (DE # 12) is DENIED AS MOOT. Plaintiff's motion to supplement her complaint (DE # 10) is also DENIED AS MOOT where she has since filed an amended complaint. The amended complaint also dictates that defendants' motions to dismiss plaintiff's original complaint (DE ## 19, 23, 27) be DENIED AS MOOT. Defendants Aldridge and McClain shall have twenty-one (21) days from date of entry of this order to file anticipated motions to dismiss the amended complaint. Finally, defendant Rader's unopposed motion to stay (DE # 32) is GRANTED, and all initial discovery proceedings are STAYED in this matter pending resolution of the anticipated motions to dismiss the amended complaint.

SO ORDERED, this the 29th day of July, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Court Judge