IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-231-FL

| | | |
|---|---|---|
| CELESTE G. BROUGHTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| W. SIDNEY ALDRIDGE, JR.; JOHN N. MCCLAIN, JR.; JUDGE ROBERT B. RADER, JR.; WELLS FARGO & COMPANY, and WELLS FARGO ADVISORS, LLC, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the motions to dismiss filed by defendant Robert B. Rader, Jr. (DE ## 40, 46), defendant W. Sidney Aldridge, Jr. (DE # 56), defendant John N. McClain, Jr. (DE # 60), and defendants Wells Fargo & Company and Wells Fargo Advisors, LLC (DE #70).[1] These matters have been fully briefed, and the issues raised now are ripe for adjudication. For the reasons that follow, defendants' motions to dismiss are granted.

## STATEMENT OF THE CASE

On June 7, 2010, plaintiff filed complaint pursuant to 42 U.S.C. § 1983 alleging that defendants W. Sidney Aldridge, Jr. ("Aldridge"), John N. McClain, Jr. ("McClain"), and Judge

---

[1] Also pending are plaintiff's motion for leave to amend and motion for leave to file a sur-reply or in the alternative to strike the reply of defendant McClain. Because plaintiff's proposed amended complaint is futile in that it cannot withstand the arguments for dismissal brought by defendants, see Laber v. Harvey, 438 F.3d 404, 426-27 (4th Cir. 2006) (en banc); Joyner v. Abbot Labs., 674 F. Supp. 185, 190 (E.D.N.C. 1987), plaintiff's motion to amend (DE # 51) is DENIED. However, because the court agrees that McClain's affidavit cannot be considered in adjudicating his motion to dismiss without converting the motion into one for summary judgment, see Fed. R. 12(d), plaintiff's motion to strike (DE # 78) is ALLOWED.

Robert B. Rader, Jr. ("Judge Rader") conspired to deprive plaintiff of rights guaranteed by the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff also alleges violations of a number of rights guaranteed by the North Carolina Constitution. Plaintiff's complaint challenges an order in state court litigation holding plaintiff in contempt of court and imposing sanctions on her. According to plaintiff, Aldridge is an attorney representing the executors of plaintiff's late ex-husband, McClain is an attorney who previously represented plaintiff's late ex-husband, and Judge Rader is the district court judge presiding over the state court litigation.

Plaintiff's complaint contained a motion for a temporary restraining order and preliminary injunction. She supplemented both the complaint and the motion for injunctive relief on June 8, 2010. The court denied the motion for a temporary restraining order on June 9, 2010. Plaintiff filed a second motion for a temporary restraining order on June 11, 2010, and also moved to supplement her complaint. On June 25, 2010, plaintiff moved for a ruling on her motion for a temporary restraining order.

Aldridge moved to dismiss the complaint on June 30, 2010, McClain made a similar motion on July 1, 2010, as did Judge Rader on July 6, 2010. Judge Rader further moved on July 16, 2010, for a stay of initial discovery and pretrial proceedings pending resolution of the motions to dismiss. On July 21, 2010, plaintiff filed an amended complaint, naming Wells Fargo & Company and Wells Fargo Advisors, LLC (collectively "Wells Fargo") as additional defendants. (Wells Fargo is alleged to be one of the executors of the estate of plaintiff's late ex-husband, and Aldridge's client.) Judge Rader then filed a motion to dismiss the amended complaint on July 28, 2010.

On July 29, 2010, the court denied plaintiff's second motion for a temporary restraining order and denied as moot her motion for a ruling. It further denied her motion to supplement her

2

complaint in light of the amended complaint filed July 21, 2010. The court denied as moot the original motions to dismiss filed by defendants. The court directed the defendants to file anticipated motions to dismiss the amended complaint within twenty-one days of entry of the order, and granted Judge Rader's motion for a stay of proceedings pending resolution of those anticipated motions.

On August 4, 2010, Judge Rader filed a second motion to dismiss the amended complaint. On August 6, 2010, McClain also moved to dismiss, followed by Aldridge on August 10, 2010. Wells Fargo moved to dismiss on September 10, 2010, after being served a copy of the summons and plaintiff's amended complaint. Plaintiff responded to these motions.

## STATEMENT OF THE FACTS

The facts alleged by plaintiff and upon which the court otherwise relies are as follows.[2] Plaintiff's lawsuit before this court stems from a long-running alimony dispute in state court between plaintiff and her late ex-husband Robert Broughton ("Mr. Broughton"). See generally Broughton v. Broughton, 58 N.C. App. 778, 294 S.E.2d 772 (1982). At the time of Mr. Broughton's death on June 6, 2007, that litigation was still ongoing in Wake County District Court. On June 29, 2009, the executors of Mr. Broughton's estate (who had been substituted as plaintiffs in that action) moved for Rule 11 sanctions against plaintiff under North Carolina law.[3]

On July 31, 2009, Judge Rader held a hearing on the motion for sanctions. Plaintiff (who was the defendant in the state court proceeding) was not present, and she alleges that she did not

---

[2] In evaluating a motion under Rule 12(b)(6), the court may look to the complaint, documents attached thereto, documents attached to the motions to dismiss that are integral to the complaint and authentic, and matters of public record of which judicial notice may be taken. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

[3] Rule 11 allows a court to impose sanctions for a filing containing the signature of an attorney or *pro se* party that is not "well grounded in fact and . . . warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law" or that is "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." See N.C. Gen. Stat. § 1A-1, Rule 11(a).

3

receive proper notice of the hearing (although Judge Rader's subsequent order states that the hearing was properly noticed). Although plaintiff was not present, she contends that Aldridge and McClain appeared at the hearing before Judge Rader, and that the three men spoke with one another openly in court about the possibility of Rule 11 sanctions against plaintiff. According to plaintiff, these three defendants are close friends and neighbors, and agreed to conspire against her.

In the subsequent order entered September 18, 2009 ("the Gatekeeper Order"), Judge Rader concluded that plaintiff's multiple *pro se* filings over the past five years had been frivolous and that plaintiff was unable to represent herself *pro se* without violating Rule 11. Judge Rader imposed Rule 11 monetary sanctions on plaintiff. Additionally, as particularly relevant to plaintiff's claims here, Judge Rader further ordered that, so long as she did not qualify as an indigent person, plaintiff was prohibited from filing or attempting to file any documents related to that case unless the filing contained a certification signed by a duly-licensed attorney that the filing complied with Rule 11.

Plaintiff continued to file documents and litigate the state court case in violation of the Gatekeeper Order. She was found in civil contempt on March 31, 2010, in Wake County Superior Count before Judge Kenneth Titus. Judge Rader ordered further sanctions against her and found her to be in criminal contempt on April 29, 2010. After a *de novo* hearing in Wake County Superior County on appeal, Judge William Pittman agreed that plaintiff was in criminal contempt for her continued violation of the Gatekeeper Order. Judge Pittman ordered plaintiff imprisoned for a period of thirty (30) days, with twenty-six (26) days suspended.

In her § 1983 action, plaintiff finds a number of constitutional infirmities arising from the initial hearing at which Judge Rader heard argument on the motion for sanctions, the Gatekeeper Order entered after that hearing, and the subsequent state court decisions finding her in contempt of

4

the Gatekeeper Order. Plaintiff contends that these actions have deprived her of her constitutional right to petition the court, right to substantive and procedural due process, right to be free from excessive fines, and right to equal protection under the law. She seeks compensatory and punitive damages from all defendants. She also seeks an order restraining enforcement of the Gatekeeper Order and all subsequent orders related thereto. Finally, plaintiff seeks somewhat unique injunctive and equitable relief against defendants. She asks that the court disbar Aldridge and McClain, and that the court remove Judge Rader from his position as a judge.

## DISCUSSION

A.  Standard of Review

Defendants move to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."

5

Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).[4] A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

  1.  Rooker-Feldman

"[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). This rule, known as the Rooker-Feldman doctrine,[5] "preserves federalism by ensuring respect for the finality of state court judgments, and it preserves the separation of powers by ensuring that federal district courts exercise only original jurisdiction and that review of state court judgments is conducted only by the United States Supreme Court, as Congress has instructed." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005). Rooker-Feldman "bars lower federal

---

[4] Because the burden of establishing an affirmative defense rests on the defendant, "a motion to dismiss filed under [Rule] 12(b)(6) . . . generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Goodman v. Pixair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." Id.

[5] The doctrine is named after a pair of Supreme Court cases establishing this rule, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

6

courts from considering not only issues raised and decided in the state courts, but also issues that are 'inextricably intertwined' with the issues that were before the state court." Id. An issue is "inextricably intertwined" with those before the state court if "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." Pyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997); see also Davani v. Va. Dept. of Transp., 434 F.3d 712, 719 (4th Cir. 2006) ("A claim seeking redress for an injury caused by the state-court decision itself – even if the basis of the claim was not asserted to the state court – asks the federal district court to conduct an appellate review of the state-court decision.").

As noted above, plaintiff's federal action challenges the conduct of the state court judge, two opposing attorneys, and the opposing party in state court litigation. She contends that a state court hearing on a motion for sanctions and the resulting state court judgments, including the Gatekeeper Order, the sanctions imposed upon her for civil contempt, and her criminal contempt convictions, violated various constitutional rights relating to the conduct of judicial proceedings, including access to the courts, due process, and freedom from excessive fines and punishment. The relief sought by plaintiff includes an order enjoining enforcement of the Gatekeeper Order and "all orders entered in the state court cases since that order," monetary damages in the amounts denied to her as relief in the state court, and attorneys fees in the state court action.

The nature of plaintiff's complaint and the relief sought clearly indicate that she "in effect seeks to take an appeal of an unfavorable state-court decision to [this] lower federal court." See Lance v. Dennis, 546 U.S. 459, 466 (2006). Plaintiff "may not escape the jurisdictional bar of Rooker-Feldman by merely refashioning [her] attack on the state court judgments as a § 1983 claim." Jordahl v. Democratic Party of Va., 122 F.3d 192, 202 (4th Cir.1997). If plaintiff believed that the

hearing, the Gatekeeping Order, and the subsequent contempt orders were entered in error and the procedures used and punishments imposed at the state district court level were constitutionally infirm, she was required to use the State's appellate system, ultimately to include petitioning the Supreme Court of the United States for review. Indeed, it appears that Judge Rader's orders in the state court case have been upheld in state superior court. Plaintiff may not use this federal forum to further appeal those orders. Accordingly, plaintiff's claims are dismissed for want of jurisdiction.

2. Additional Grounds for Dismissal

Even if some part of plaintiff's action could escape the Rooker-Feldman bar, the court would be obliged to dismiss the complaint on a number of additional grounds. First, with respect to the claims against Judge Rader, plaintiff's request for monetary relief is barred because judges enjoy absolute immunity from a suit seeking monetary damages with only two exceptions: (1) "actions not taken in the judge's judicial capacity" and (2) "actions, though judicial in nature, taken in the complete absence of jurisdiction." Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam). Here, Judge Rader was acting in a judicial capacity where plaintiff's claim arises out of his actions while presiding over a hearing in state district court and his subsequent entry of an order. See Stump v. Sparkman, 435 U.S. 349, 362 (1978) (holding that whether an act is "judicial" in nature depends on "whether [the act] is a function normally performed by a judge . . . [and] whether [the parties] dealt with the judge in his judicial capacity"). Moreover, despite plaintiff's contention that McClain lacked standing to bring the motion in state court, there is no basis for concluding that Judge Rader was acting in "complete absence of jurisdiction" where there is no allegation that state district court judges are not empowered to hear as a general matter the type of action before Judge Rader. See id.

8

at 357 & n.17 (holding that "complete absence of jurisdiction" means "clear absence of all jurisdiction," such as where a probate judge tries a criminal case).

Second, defendants Aldridge, McClain, and Wells Fargo are not amenable to suit under § 1983. "To state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009). Thus, § 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)). It is well established that "[p]rivate lawyers do not act 'under color of state law' merely by making use of the state's court system." Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994). And although a conspiracy between private actors such as Aldridge, McClain, and Wells Fargo, and a state actor such as Judge Rader may form the basis of a valid § 1983 claim, see Metavlos v. Anderson, 249 F.3d 301, 311 (4th Cir. 2001), here plaintiff utterly fails to state more than a conclusory conspiracy claim. Her allegations essentially are limited to the fact that Aldridge and McClain are neighbors and friends of Judge Rader, and that they appeared before him in a hearing. These allegations are woefully insufficient to "nudge . . . [plaintiff's] claims 'across the line from conceivable to plausible.'" See Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1952).

Finally, plaintiff has failed plausibly to allege a violation of any constitutional right. An injunction limiting access to the courts by vexatious and repetitive litigants is consistent with the constitutional guarantees of due process of law and access to the courts where the litigant has continuously abused the judicial process, placing a burden on the judiciary that cannot be overcome by less severe restrictions. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817-18 (4th Cir.

2004); Dalenko v. Peden Gen. Contractors, Inc., 197 N.C. App. 115, 127, 676 S.E.2d 625, 633 (2009) ("As part of its inherent authority, the trial courts of this state have the power to prohibit future frivolous and repetitive litigation. . . . [T]his power should be used carefully, sparingly, and only in cases of extreme abuse."), disc. rev. denied, 363 N.C. 854, 694 S.E.2d 202 (2010). Although this court reiterates that any constitutional infirmities in the Gatekeeper Order should have been litigated through the State's appellate process, it notes that plaintiff's amended complaint and the other materials considered in ruling on this motion to dismiss do not raise a plausible inference that the Gatekeeper Order went beyond the constitutional bounds governing restrictions on access to the courts.[6] Accordingly, plaintiff fails to state a claim even absent the bar of Rooker-Feldman.

## CONCLUSION

For the foregoing reasons, defendants' motions (DE ## 40, 46, 56, 60, 70) are GRANTED. Under the Rooker-Feldman doctrine, the court may not exercise jurisdiction over this action. Moreover, even if the court could exercise jurisdiction, plaintiff's action is barred by judicial immunity and fails to state a claim on which relief may be granted. Plaintiff's motion to amend (DE # 51) is DENIED as futile and plaintiff's motion to strike (DE # 78) is ALLOWED. This action is DISMISSED WITH PREJUDICE and the clerk is directed to close this case.

SO ORDERED, this the 17th day of November, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge

---

[6] Plaintiff's Eighth Amendment and Equal Protection Clause claims are without merit in that plaintiff does not explain how the monetary sanctions imposed against her by the state court were excessive, nor does she allege that she has been treated differently from any other litigant in state court on the basis of, for example, her race. Moreover, the alleged violations of plaintiff's rights under the North Carolina constitution can not form the basis of a § 1983 claim. See Whitesell v. Town of Morrisville, 446 F. Supp. 2d 419, 424 (E.D.N.C. 2006).

10