IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-231-FL

| | |
|---|---|
| CELESTE G. BROUGHTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| W. SIDNEY ALDRIDGE, JR.; JOHN N. ) | |
| MCCLAIN, JR.; JUDGE ROBERT B. ) | |
| RADER, JR.; WELLS FARGO & ) | |
| COMPANY; and WELLS FARGO ) | |
| ADVISORS, LLC, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiff's motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure to vacate the judgment entered November 19, 2010 (DE # 95). Plaintiff contends that the undersigned was required to recuse herself pursuant to 28 U.S.C. § 455(a), which provides for judicial disqualification where a judge's impartiality "might reasonably be questioned." For the reasons that follow, the motion is denied.

COURT'S DISCUSSION

Rule 60(b)(6) provides that the court may relieve a party from a final judgment for any reason justifying relief. A violation of § 455(a) may be remedied by Rule 60(b)(6). See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 862-64 (1988). "[I]n determining whether a judgment should be vacated for a violation of § 455(a), it is appropriate to consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice

in other cases, and the risk of undermining the public's confidence in the judicial process." Id. at 864; see also United States v. Lentz, 524 F.3d 501, 530 (4th Cir. 2008) (noting that a judge should recuse herself under § 455(a) if "another with knowledge of all of the circumstances might reasonably question the judge's impartiality").

Plaintiff contends that the undersigned was required to recuse herself under § 455(a) because (1) the undersigned's husband heads the financial institutions practice of a North Carolina law firm, and at one point represented Wells Fargo in unrelated litigation, (2) the undersigned also practiced at that law firm prior to taking the bench, and (3) the undersigned allegedly evidenced bias in favor of defendants in one or more written orders entered in this matter.

The first two arguments require little comment, as neither the undersigned's spouse nor the undersigned's former law firm is acting as counsel to Wells Fargo in this case or any related matter. See 28 U.S.C. § 455(b)(2), (5). It should go without saying that no bias in favor of financial institutions may be imputed to the undersigned's career prior to appointment or to the entirely separate legal career of her spouse, and that the perception of any such bias would be unreasonable. Cf. Sphere Drake Ins. Ltd. v. All American Life Ins. Co., 307 F.3d 617, 621-22 (7th Cir. 2002) ("[A] judge's former representation of a litigant does not imply any need to disqualify under § 455(a).").

As to the third argument raised by plaintiff, the bias in favor of defendants allegedly found in the court's written orders is wholly a product of the fact that the law supports defendants' legal arguments rather than those of plaintiff. A disappointed litigant may not allege bias simply because her legal arguments did not carry the day. Absent evidence of *personal* or *extrajudicial* bias, "judicial rulings . . . almost never constitute a valid basis for a . . . motion [under § 455(a)]." Liteky v. United States, 510 U.S. 540, 555 (1994); see also United States v. Carmichael, 726 F.2d 158, 160

2

(4th Cir. 1984). "Almost invariably, [judicial decisions] are proper grounds for appeal, not for recusal." Liteky, 510 U.S. at 555.

There is no reasonable perception or fact supporting any claim that this court has been unfair to plaintiff or partial to defendants. In her underlying § 1983 lawsuit, plaintiff alleged that a North Carolina state court judge deprived her of her constitutional rights when he directed her to stop filing frivolous motions in a long-running alimony dispute, and then held her in contempt of court and imposed sanctions on her when she refused to do so. As a remedy for this alleged constitutional violation, plaintiff asked this court to remove the judge from the bench. Allegations made in the instant motion premised on Rule 60(b)(6) and 28 U.S.C. § 455(a), followed decision in this case that the law does not allow plaintiff the relief she seeks. Plaintiff has appealed this court's judgment. She may of course present on appeal arguments to the court above. Plaintiff may not, however, shop for a different district court judge or get a second bite at the apple at the trial level simply by offering unsupported accusations of bias.

## CONCLUSION

Plaintiff has offered no valid justification for recusal under 28 U.S.C. § 455(a), failing to justify relief under Rule 60(b)(6). Accordingly, for the reasons given, her motion to vacate the judgment in this case (DE # 95) is DENIED.

SO ORDERED, this the 14th day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge

3